UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHEILA O.

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:22-cv-05694-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Social Security Supplemental Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995,

1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## A. DISCUSSION

1. **Medical evidence.**

Plaintiff filed their claim on August 29, 2018. The relevant period would be from the alleged onset date of April 26, 2018, to the date of the ALJ's decision on June 29, 2021. *See* AR 17, 36, 86, 178.

After conducting two hearings, AR 43 (9-17-2020) and AR 77 (5-11-2021), the ALJ found that plaintiff had the residual functional capacity "to perform light work. . .[s]he can sit for two hours at a time and a total of six hours in an eight-hour workday. She can stand and/or walk for one hour at a time and a total of four hours in an eight-hour workday. She can occasionally operate bilateral foot controls. She can never crouch, crawl, and climb ladders, ropes, or scaffolds. She can occasionally stoop and kneel. She can have no exposure to heavy industrial vibration and hazards. . . She can have no exposure to fumes, odors, dusts, and gases. She can have occasional exposure to extreme heat." AR 24-25.

The ALJ applied the 2017 regulations; under those regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or

2

she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

a. <u>Medical Opinions of Drs. Sylwester, Carter, and Normoyle</u>

Plaintiff argues the ALJ should have reviewed three medical opinions – opinions of Dr. Patricia Sylwester, Dr. Frances Carter, and Dr. Tre Normoyle, that were based on evaluations conducted before the alleged date of onset (4-26-2018). Dkt 14, Opening Brief, at 4-6, 12; Dkt. 19, Reply Brief, at 1-4.

Dr. Sylwester evaluated plaintiff on 4-9-2017, about one year before the alleged date of onset. AR 743. Dr. Carter evaluated plaintiff on 5-26-2017, about 11 months before the alleged date of onset. AR 748. And Dr. Normoyle's opinion was given on 7-24-2017, approximately nine months before the alleged date of onset. AR 754.

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

     The defendant contends the Court should reject plaintiff's arguments because these opinions were not relevant, and because they were barred from review under the doctrine of "law of the case", and therefore the ALJ properly did not consider them. Dkt. 18 at 11.

     The ALJ erred by failing to consider these medical opinions. Under *Woods v. Kijakazi*, the ALJ is required to provide a reason for rejecting medical opinion evidence from a doctor who treated or examined the plaintiff. Under *Garrison v. Colvin,* 759 F.3d 995, 1012-1013 (9th Cir. 2014), and *Smolen v. Chater,* 80 F.3d 1273, 1282-1283 (9th Cir. 1996), it is error for an ALJ to completely ignore medical evidence without giving reasons for doing so. *See also, Marsh v. Colvin,* 792 F.3d 1170, 1172-1174 (9th Cir. 2015) (the ALJ failed to address a medical opinion and gave no reasons for not mentioning a medical source's opinion; Court of Appeals found the error was not harmless and remanded for additional proceedings). The defendant does not cite any authority for the proposition that medical opinions that have been discounted by an ALJ during one period, may be ignored if the plaintiff submits the same medical opinions for consideration as part of an application for benefits in a later period.

     Law of the case doctrine does not apply in this situation, because plaintiff's current application seeks benefits for a different period thereby presenting a separate case with facts that must be distinctly reviewed. *See Owen v. Saul,* 830 Fed. Appx. 979 (9th Cir. 2020) (Memorandum Opinion); *Sheila O., v. Commissioner of Social Security,* No. 3:18-cv-5694-JRC, 2019 WL 2474897 (W.D. Wash. 6/13/2019) at *6 (Dr. Normoyle) and *7 (Dr. Carter). Neither this Court's decision in 2019, nor the Ninth Circuit's decision in 2020 include any discussion about the medical opinions of Dr. Sylwester. The

regulations that applied to the previous period have now been amended, so some aspects of the law have also changed. *See Woods v. Kijakazi*, 32 F.4th 785 (2022).

And even if these medical opinions were not found persuasive by the ALJ in the context of a previous application for benefits concerning an earlier, adjacent period – that does not preclude plaintiff from relying on these opinions for the current period. This is not an identical case. *See Stacy v. Colvin,* 825 F.3d 563,567 (9th Cir. 2016) (law of the case doctrine applies when an issue has already been decided by "that same court or a higher court in the same case.") Therefore, law of the case doctrine does not preclude the consideration of these three medical opinions.

    b. <u>Medical opinions of Dr. Terrilee Wingate, and Dr. Nathan B. Sackett</u>

The ALJ found that Dr. Wingate's opinions were partially persuasive but were not consistent with any evidence in the record. AR 32-33. Dr. Wingate evaluated plaintiff's mental health conditions on July 2, 2017. AR 755-762. She assessed plaintiff's overall severity of limitations as "marked". AR 757.

Dr. Wingate opined that plaintiff had marked limitations in performing activities within a schedule, maintaining regular attendance, being punctual without special supervision, and that plaintiff had marked limitations with respect to the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 757. Dr. Wingate also stated that plaintiff would be impaired for another 6-12 months with available treatment and vocational training or services that would partially minimize or eliminate barriers to employment. AR 758. She recommended psychiatric care, and stated that with "appropriate mental health care and support she should be able to transition back to work." *Id.*

As plaintiff points out, Dr. Wingate's opinion is consistent with assessments by Dr. Normoyle, and Dr. Carter. Because the ALJ failed to consider Dr. Normoyle's or Dr. Carter's evaluations, on remand the Commissioner should again review Dr. Wingate's opinion.

Psychiatrist Dr. Sackett evaluated plaintiff on December 22, 2018. AR 738. Dr. Sackett found plaintiff would be able to handle simple and repetitive tasks, as well as detailed and complex tasks. AR 741. He found her ability to perform work duties at a sufficient pace is good, and her ability to perform work activities on a consistent basis without special or additional instructions is good. *Id.* He characterized her abilities "to maintain regular attendance. . .and complete a normal workday without interruptions is fair" and her "ability to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace is good. AR 741. With "optimal care" during the next 12 months, Dr. Sackett opined, the likelihood that plaintiff's symptoms would improve was very good. AR 741.

The ALJ found Dr. Sackett's opinion persuasive – plaintiff objects to this, and states that this was harmful error. Because the Court is reversing and remanding due to the ALJ's decision to not consider the medical opinions of three providers, the Court directs the Commissioner to again review Dr. Sackett's evaluation in light of these opinions.

**Harmless error**

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant

work-related limitations, the RFC is deficient, and the error is not harmless. *Id* at 1052, 1054; *see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

The opinions of Dr. Sylwester, and Dr. Carter, if considered in light of the other medical evidence in the record, may result in the determination of additional work-related limitations, and a more restrictive RFC. Dr. Sylwester opined that plaintiff had a back injury due to a domestic violence episode approximately 9 years prior. AR 743. Pain waxes and wanes in intensity. *Id*. Pain increases with bending, going up and down stairs. *Id*.

Dr. Sylwester also made a notation about knee pain. During the examination, plaintiff was not able to extend her knee more than 45 degrees. AR 745. Dr. Sylwester also opined plaintiff can stand/walk less than two hours, and maximum sitting capacity – unlimited. AR 746. But plaintiff would need to change positions for discomfort, as needed. Plaintiff would also need a chair that allows feet to rest comfortably on the ground. *Id*.

Dr. Sylwester also opined that plaintiff's maximum lifting or carrying capacity would be 10 pounds occasionally and frequently due to reduced range of motion in back, radicular pain and inability to squat. AR 746. Claimant would be prevented from climbing, balancing, stooping, kneeling, crouching, crawling, due to reduced range of motion in back, radicular pain, and inability to squat. *Id*. Plaintiff should not work at heights, or heavy machinery, because of restricted range of motion in her back. *Id*. No work around chemicals, dust, fumes, or gas, due to asthma. *Id*. But Dr. Sylwester also

found plaintiff had unlimited manipulative capacity – such as reaching, handling, fingering and feeling, and no restrictions regarding working around extreme temperature or excessive noise. *Id*.

Dr. Carter opined plaintiff reported symptoms of depression and anxiety starting in 2004, when she was about 31 years of age. AR 748. Plaintiff experienced nightmares relating to abusive ex-partner. *Id.* Previously she was productive, worked full time. She did not want to associate with anyone who might hurt her. *Id.* With respect to functional assessment, Dr. Carter opined: severe impairments in – immediate memory, and remote memory, ability to interact with co-workers and the public, and ability to maintain regular attendance in the workplace, ability to complete a normal workday or workweek without interruption from symptoms, ability to deal with usual stress encountered in workplace if it involves being around other individuals. AR 752-753.

Dr. Normoyle, plaintiff's former treating psychologist, treated plaintiff since June 2011. First treatment episode was June 2011-April 2015. Second treatment episode started in July 2016 and was ongoing (bimonthly sessions) at the time of the letter – July 24, 2017. AR 754. Dr. Normoyle opined that plaintiff "has made good progress. . . but has not been able to find complete success in depression remission. She experiences vegetative symptoms of depression that impact her daily life." Plaintiff self-rated as "moderate"; but Dr. Normoyle notes that "symptoms are at a level that can be difficult to manage and can interfere with a persons level of functioning." AR 754.

If the ALJ had considered these opinions, the hypothetical to the Vocational Expert might have included additional information, such as Dr. Sylwester's specification that plaintiff would not be able to stoop or kneel, and would be restricted to occasionally

or frequently lifting or carrying 10-pounds or less of weight; and Dr. Carter's opinions with respect to mental health limitations. *See* AR 64-73; AR 124-128. Therefore, the error may not be considered harmless.

With respect to Dr. Normoyle's opinion, there is not as much specific work-related limitation content in that opinion; standing alone, this opinion would not necessarily create harmful error – but considered with the other opinions in this case, Dr. Normoyle's assessment may corroborate other opinions, and would potentially be supportive of plaintiff's testimony. Therefore, the Court finds that this case should be remanded for further proceedings.

Because the ALJ erred by not considering these medical opinions at all, the Court will refrain from analyzing the additional issues raised by plaintiff. On remand, the Commissioner is directed to hold a de novo hearing and consider the medical opinions of Dr. Sylwester, Dr. Carter, and Dr. Normoyle that were not evaluated by the ALJ in this case. The Commissioner shall also re-evaluate the opinions of Dr. Wingate and Dr. Sylwester, and other medical evidence, in light of these three medical opinions that were overlooked.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the Commissioner is directed to hold a de novo hearing, allow plaintiff to present additional evidence as necessary, and consider the opinions of Dr. Sylwester, Dr. Carter, and Dr. Normoyle, that were not evaluated by the ALJ in this case.

Dated this 16th day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge